Nash, J.
 

 With the question decided by his Honor in the-first part of his judgment, we have nothing to do. It docs not arise here, and we express no opinion upon it. It is an important point, and- leads to very interesting results. We entirely, however, coincide with the presiding Judge, in the judgment in favor of the defendants. The patrol in every county, when duly appointed, is a public body, invested with powers, highly important to the community at large, and to be exercised for the public good. These powers partake of a judicial, or
 
 quasi
 
 judicial, and executive character. Judicial, so far as deciding upon each case of a slave taken up by them; whether the law has been violated by him or not, and adjudging the punishment to be inflicted. Is he off his master’s plantation without.proper permit or pass? Of this the patrol must judge and decide. If punishment is to be inflicted, they must adjudge, decide, as to the question; five stripes may in some cases be sufficient, while others may demand the
 
 *13
 
 full penalty of the law. All these acts upon the part of the patrol require consultation and agreement, and a less number than a majority of the whole cannot act. Not that it requires a majority of the whole to agree in the decision of each case, but it does require that number to constitute (if the expression may be allowed) a court or tribunal for the performance of these duties, and when so constituted a plurality of those present must agree, or no punishment canbe legally inflicted. We do not mean that the law requires, on the part of the patrol, any formalities in the discharge of their duties, or that any formal judgment must be pronounced, but that a majority of the patrol properly constituted must sanction each sentence passed. If a minority can act, then each individual (patroller may act by himself, and every man’s property would be subject to the uncontrolled judgment or passion of a single individual. This cannot have been the scope and meaning of the act. Where powers of a public nature, though not judicial, are conferred on several, it is a general rule, that a majority can discharge them. Co. L. 181, b.
 
 Grindley
 
 vs.
 
 Barker,
 
 1 Bos. and Pul. 229, and it follows, as a cor-rollary, that less than a majority cannot, unless the act, conferring the power, gives to a minority the authority so to do. This principle, as applicable to patrols, was decided in the case of
 
 Richardson
 
 vs.
 
 Salter and others.
 
 N. C. T. R. 68. So also in the familiar instance of our Courts of Pleas and Quarter Sessions, but for the clause authorising three Magistrates to hold the Courts, a less number, than a majority of all the magistrates of the County, would be in competent to hold the terms of the Court,
 

 In the case of
 
 Tate
 
 vs.
 
 O’Neal,
 
 I Hawks 418, the Judge, who tried the cause below, decided that it required a majority of the patrol to be present, to enable them to act legally, and the Supreme Court affirmed his judgment. The indictment, as well as the special verdict, shows, that a majority of the patrol in this case were not present,
 
 *14
 
 and the County Court of Anson had passed no rule, autho-rising a less number to act.
 

 We see no error in the, judgment below, which is therefore affirmed.
 

 Per Curmm- Judgment affirmed.